Dodge agt. N. Y. and Washington S. S. Co.

## N. Y. SUPERIOR COURT.

ROBERT P. DODGE and GEORGE F. McCLELLAN, assignees, &c., plaintiffs and respondents agt. THE NEW YORK AND WASHINGTON STEAMSHIP COMPANY, defendants and appellants.

*Newly discovered evidence,* upon which to found a motion for a new trial, must not only be *material,* but must have been discovered *since the trial.*

The defendants, on appeal, cannot insist that a third person was a partner with the plaintiffs and interested in the subject matter of the litigation, where they did not raise that issue by their answer.

It is no ground of error, for which a judgment can be reversed on appeal, that the court below, on motion, refused to allow a witness to be recalled for the purpose of giving a new piece of evidence claimed to have been discovered *since the evidence was closed,* on the trial, on the preceding day, and of the existence of which the moving party claimed to have been ignorant.

This question should be tested by the same rules, which would have to be applied to the decision of a motion for a new trial, on the ground of the dicovery of this evidence after the final determination of the trial, if such had been the case.

*General Term, May,* 1869.

APPEAL from the judgment entered upon the verdict rendered, and from an order denying the defendants' motion for a new trial on the judges minutes, and

Appeal from an ordor made at special term, denying defendants' motion for a new trial, on the grounds of surprise and newly discovered evidence.

The facts are disclosed by the opinion of the court.

EMERSON *and* GOODRICH, *attorneys for plaintiffs and respondents.*

STORRS *and* SEDGWICK, *attorneys for defendants and appellants.*

*By the court,* FREEDMAN, J. The motion made at special term by the defendants for a new trial, on the ground of surprise and newly discovered evidence, was properly de-

nied. The fact that the witness Rhinehart testified at the close of the trial, that to his recollection no such conversation had taken place as had been testified to by Thomas Clyde, the president of defendants' company, cannot have operated as a surprise upon the defendants. Nor can the evidence, which the defendants claim to have discovered, be considered as such newly discovered evidence, on account of which a new trial is sometimes granted. Such evidence must not only be material, but must have been discovered since the trial. In the present case the evidence referred to, if discovered at all, was discovered before the trial had been completed, and the case submitted to the jury; and if any error has been committed in excluding the evidence, it was committed during the trial.

The order of the special term should therefore be affirmed, with ten dollars costs.

I have also carefully examined the grounds of appeal from the judgment, which are relied upon by the defendants, and am of opinion that no error was committed on the trial which entitled the defendants to a new trial. The action is brought by the assignees of Morgan and Rhinehart to recover a commission of five per cent. on the earnings of the steamer "Salvor," from April 6, 1864, to June 15, 1865, claimed by Morgan and Rhinehart as a compensation for their services in effecting, as shipbrokers and commission merchants, and acting as agents of the defendants in that behalf, a charter of the said steamer to the United States government. The questions addressed to Thomas Clyde, the president of defendants company, whether Morgan and Rhinehart were paid five per cent. commission for procuring charters of other vessels in which *he* was interested, were asked on the cross-examination of Mr. Clyde, one of the principal witnesses of the defendants, and it was a matter of discretion with the justice presiding at the trial to allow them or not. Error does not lie for the exercise of that discretion.

The evidence offered by the defendants to prove that there was a third partner in business in the firm of Morgan and Rhinehart, as agents of the company, was rightfully excluded. No such issue had been raised by the pleadings. On the contrary, the answer of the defendants to the plaintiffs' amended complaint contained an express admission that "Thomas P. Morgan and George Rhinehart, in the years 1864 and 1865, were doing business in Washington, D. C., under the firm name of Morgan and Rhinehart, and were the defendants' agents in said city.

The second count of the answer contains an admission to precisely the same effect. Under the pleadings, as made by themselves, the defendants cannot be permitted to litigate the question of a defect of parties in the composition of that firm, as alledged.

Another point insisted upon by the appellants is, that the court below erred in refusing to permit the witness, Carlos P. Houghton, to be recalled for the purpose of proving certain admissions claimed to have been made to him by the witness Rhinehart concerning a certain conversation, which the defendants insist had taken place between said Rhinehart and the president of defendants' company. The evidence had been closed on the day preceding. Thomas Clyde, the president referred to, had testified that on or about the second day of March, 1864, he had a conversation with Rhinehart, in which he informed the latter that the company would not pay any further commissions on charters of vessels out of the line for government service, and that Rhinehart expressed his willingness to accede to it. At the close of the testimony, Rhinehart being called on behalf of the plaintiff, swore that no such conversation took place, *to his recollection*. Both parties thereupon rested; the case was closed and an adjournment had until the next day. Before leaving the conrt-room, however, Carlos P. Houghton, who had been examined as a witness for the defendants, informed defendants' counsel, and the president of the com-

pany, that he could prove that in the beginning of March, 1865 (he probably meant 1864), and immediately after the conversation between said Rhinehart and Clyde before referred to, Rhinehart stated to him in the office of said Morgan and Rhinehart, at Georgetown, that it was agreed that Morgan and Rhinehart were to have a salary as agents of the steamship company, instead of a commission. The next morning, at the opening of the court, the defendants' counsel made a motion to be permitted to recall the witness Houghton, for the purpose of giving this new piece of evidence, claimed to have been discovered since the preceding day, and of the existence of which the defendants claimed to have been ignorant.

The court, on plaintiff's objection, refused to give such permission, and proceeded to charge the jury. The question whether such refusal constitutes error, for which a new trial will be granted, should be tested by the same rules, which would have to be applied to the decision of a motion for a new trial upon the ground of the discovery of this evidence after the final determination of the trial, if such had been the case. The evidence is undisputed that the Salvor's charter was effected by Morgan and Rhinehart, on the 6th day of April, 1864, and that the defendants received the charter money from that day. There is sufficient evidence to show that up to May 28, 1864, the defendants' paid to Morgan and Rhinehart five per cent. commission on all charters of vessels, in or outside of their regular line, and also upon a vessel chartered to the government by Morgan and Rhinehart on the day preceding the charter of the steamer Salvor. The president of the defendants' company, Thomas Clyde, testified, on his direct examination, that he had the conversation referred to with Rhinehart, on or about the 2d of March ; but, on his cross-examination, it turned out that on that day a meeting of stockholders took place in New York, where there was some conversation about dismissing Morgan and Rhinehart; that the said president

asked the directors of the company to withhold action until he could get an answer from Morgan and Rhinehart, and that about a week afterwards he went on to tell them of what he calls the "determination of the company" to tell them "that they were going to be dismissed unless there was a change in the programme," and to induce them, if possible, to accept a salary of $3,000 in lieu of future commissions.

It appears, however, sufficiently, upon the whole evidence, that no definite mutual understanding was arrived at for some time. On the 27th of April following, the company passed a resolution declining to pay any more commissions, and the matter finally resulted in a new agreement between the company and Morgan and Rhinehart, whereby the former allowed to the latter $3,000 in lieu of future commissions, and bought from them their lease of the wharf, their sheds, engine and other wharf improvements, for the price of $4,446.90. This agreement, according to the testimony of the same president, and the testimony of the secretary of the company went into effect on July 1,1864, and from that day the company paid all the expenses of ·clerk-hire, &c., &c., which had previously been paid by M. & R.

Up to that time, however, with the exception of an isolated transaction (steamer Rebecca Clyde, May 28), in respect to which the parties agreed specially that no commission should be charged, and which, as Morgan swears, was the first intimation his firm had that the company had actually declined to pay further commissions, the parties must be assumed to have stood upon their old and reserved rights, especially as all the witnesses of the defendants have negatived the idea that still another mode of compensation was ever agreed upon for the period of time intervening between the 2d day of March and the 1st day of July, 1864; and because, as I have before stated, the fact stands out in bold relief, that Morgan and Rhinehart effected on the 5th of April, 1864, the day preceding the charter of the Salvor, a

charter of the steamer Baltimore for the defendants to the government; and, at the completion of the charter party, to wit: the 28th of May, 1864, were allowed by the defendants a commission of five per cent. The charter party of the Salvor did not end until the 15th of June, 1865, and Morgan and Reinehart, before the expiration of that time, were neither bound nor in a position to claim their commission on her account. Therefore, considering this question in the light most favorable to the defendants—considering Rhinehart as something more than an ordinary witness, as a party whose declarations and admissions are evidence against the assignees of his firm, assuming the defendants' motion for permission to recall the witness Houghton, to have been made in perfect good faith, I cannot perceive how his additional statement could become material.

The offer was, merely to prove by him that sometime in March, 1865 (probably 1864), Rhinehart stated to the witness "that it was agreed that Morgan and Rhinehart were to have a salary as agents of the steamship company, instead of a commission;" but the proof thus offerred fell short in not showing when this new agreement was to take effect, whether it was intended to apply to all charters, or only to the charters of vessels in the regular line, or to what charters in particular, and how it was to affect charters procured before the day upon which it was to go into effect, &c. I therefore do not think, that in consequence of the exclusion of this proposed additional evidence, the defendants were in anywise injured.

It was a matter resting in the sound discretion of the justice presiding at the trial, and would afford no ground for granting a new trial as a matter of right on application at special term after verdict, even if the said evidence had been discovered since the trial. Moreover, it appears that the defendants on the trial had previously rested three times before making that motion, that the same witness had been examined at great length upon other very important points,

and the affidavit of Thomas Clyde, the president, used on the motion for a new trial at the special term, further dis- closes, that prior to being reminded by Houghton, he was aware of the nature of the testimony said Houghton was willing to give upon this point, but that the circumstance had escaped his recollection. Under these circumstances, the exercise of the discretion of the justice presiding at the trial, in excluding this proposed additional testimony, should not be interfered with on appeal.

The remaining points relied on by the defendants being equally untenable, the judgment appealed from, and the order denying the defendants' motion for a new trial on the judges' minutes, should be affirmed with costs.

BARBOUR, Ch. J. I concur.

FITHIAN, J. I concur.